Chief Justice Bibb
delivered the Opinion, of the Court.
Smith, in bis writ of covenant, laid ins damages at five hundred dollars, and in his declaration, at three thousand dollars. The defendant, Morton, pleaded this variance in abatement. On motion the court gave leave to the plaintiff below to amend his declaration so as to conform the damages in the declaration to those in the writ, the plea and objection of the defendant notwithstanding. We think the discretion of the court in this behalf was very properly exercised.
On the trial, the jury assessed damages exceeding those laid in the writ and amended declaration, and therefor the court rendered judgment. This is a manifest error, and the judgment must, therefore, be reversed. But others are, also, well assigned, and apparent, which must be noticed and adjudicated, that they, or such like, may not infect the future proceeedings.
The declaration is insufficient. By the agreement declared on, the plaintiff, Smith, sold to the defendant, Morton, certain hogsheads of tobacco, then onboard of boats on the river, destined for New Orleans, there to be delivered by the commander of the plaintiff’s boats, to defendant or his agent; and the defendant, on his part, was to pay for the tobacco, the price agreed on, for all that passed in inspection, at a day subsequent to the delivery, and eight hundred dollars to the commander of the boats on iris landing the tobacco, &c. &c. The declaration avers an offer to deliver the tobacco, but assigns no cause or excuse for not delivering it. That Morton refused to receive it is not averred. Why he did not deliver, but only offered to deliver, and stopt short of actual delivery is not explained, nor sufficiently stated.
Letters of an agent at New Orleans, not evidence, before or after his death.
An agent’s letters after his death are not like a notary’s memorandum.
Witness held incompetent for interest.
The letter of Dodge, the friend or agent of plain.'» tiff, to transact some particular matters, written to plaintiff, and stating the number of hogsheads of tobacco which passed inspection, of those that were refused, and the weights of the hogsheads as inspected and passed at New Orleans, was improperly received as evidence, against the defendant, Morton. Dodge, it is true, was dead y but yet his letter to the plaintiff, Smith was no evidence against Morton. It is a mere exparte declaration or statement of Dodge not on oath; it was not in the usual and accustomed mode of business and dealing, as in the case of Price vs. Ld. Torrington, 1 Salk. 285, nor in the ordinary course of official duty or office, as in the case of Nicholls vs. Webb, 8 Wheaton; nor within the principles or analogies of any of the intermediate cases, where the books,.or copies from books regularly kept by deceased persons in the usual course of business, have been admitted upon proof of the death, hand writing, and usual course of dealings and transactions by them. The letter detailing the acts done by the inspectors at New Orleans, is no part of the res gesta. It is, in short, a mere exparte declaration or statement, not on oath, res inter alios acta; and cannot be received as the attestation of any fact, against Morton, according to the established rules of evidence. It falls within none of the exceptions, which public policy, necessity, public convenience, or usages of trade or business, have induced the courts to make to the general rule which prohibits hearsay, or private letters of a stranger, from being given in evidence, between the parties in court.
The deposition of Webb was admitted for the plaintiff, Smith. Webb appears to be the partner, joint shipper and joint owner with Smith, of the tobacco, for which the payment is demanded from Morton. If Webb’s interest has been extinguished, or released, it is incumbent on Smith to shew it, before he can use Webb as a witness.
It is, therefore, considered by the court, that the judgment aforesaid, be reversed, that the, cause be remanded, for new proceedings in the court below, *315 and that the plaintiff, in this court, recover of the defendant his costs in this behalf expended.
Crittenden and Haggin, for plaintiff; Triplett, for defendant.